**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JEREMY AMIN NYUWA, | Nos.  13-74265 |
| | 14-70333 |
| Petitioner, | 14-71231 |
| v. | Agency No. A078-231-145 |
| LORETTA E. LYNCH, Attorney General, | |
| | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Jeremy Amin Nyuwa, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") orders denying his fifth

motion to reopen (No. 13-74265), his subsequent motion to reconsider and sixth

motion to reopen (No. 14-70333), and his subsequent motion to reconsider (No.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

14-71231).   We have jurisdiction under 8 U.S.C. § 1252.   We review for abuse of discretion the BIA's denial of motions to reopen and reconsider, *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir. 2005), and we deny the petitions for review.

As to petition No. 13-74265, the BIA did not abuse its discretion in its November 21, 2013, order denying Nyuwa's fifth motion to reopen as untimely and number-barred where it was filed over seven years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Nyuwa failed to establish an exception to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").   We reject Nyuwa's contention that the BIA erred by not considering his evidence.

As to petition No. 14-70333, the BIA acted within its discretion in denying Nyuwa's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's November 21, 2013, order.   *See* 8 C.F.R. § 1003.2(b). Further, the BIA did not abuse its discretion in denying Nyuwa's sixth motion to reopen as untimely and number-barred because Nyuwa failed to establish that he qualified for an exception to the time and numerical limits for filing a motion to

2                                                          13-74265

reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (explaining the BIA can deny a motion to reopen based on changed country conditions for failure to establish prima facie eligibility for the relief sought).

Finally, as to petition No. 14-71231, the BIA also acted within its discretion in denying Nyuwa's motion to reconsider its January 22, 2014, order because Nyuwa failed to identify any error of fact or law in the BIA's conclusion that he failed to establish a prima facie case for the relief he sought.   *See* 8 C.F.R. § 1003.2(b).

**PETITIONS FOR REVIEW DENIED.**

13-74265